Filed 9/13/23  In re A.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | C097343 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2021-0000425) |
| Plaintiff and Respondent, | |
| v. | |
| A.M. et al., | |
| Defendants and Appellants. | |

Appellants D.O. (mother) and A.M. (father), parents of the minor, appeal the juvenile court's order terminating parental rights and freeing the minor for adoption. (Welf. & Inst. Code, §§ 366.26, 395.)[1]  The parents claim the San Joaquin County

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Human Services Agency (Agency) and the juvenile court failed to comply with the requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). We will conditionally affirm the juvenile court's judgment and remand for limited ICWA proceedings.

## BACKGROUND

Because the parents' sole claim challenges compliance with the ICWA, we limit the background summary to ICWA-related facts and procedure unless otherwise relevant to the issue on appeal.

On November 8, 2021, the Agency filed a dependency petition on behalf of the minor pursuant to section 300, subdivisions (b), (g), and (j). The detention/jurisdiction report filed the same day stated that mother and father declined to sign any ICWA paperwork and refused to answer any questions regarding possible Indian ancestry, and that there was no reason to believe the minor was an Indian child within the meaning of the ICWA. The report also noted the social worker had spoken with two of the maternal relatives but there was no indication any ICWA inquiry had been made.

At the November 9, 2021 detention hearing, mother was present, as were the maternal grandmother, maternal great-grandmother, and maternal aunt. Father was not present. The court asked mother if she had any Native American or American Indian ancestry, to which mother responded, "Not that I know of, no." The court provided mother with a Parental Notification of Indian Status (ICWA-020) form.

On November 16, 2021, the court ordered the minor detained following a positive drug test by mother. Father was not present at the hearing, nor was he present at the jurisdictional hearing on December 1, 2021.

On December 3, 2021, ICWA-020 forms were filed on behalf of father and mother indicating each parent "refused to sign/answer paperwork." However, each parent subsequently filed ICWA-020 forms, with mother indicating she had no Indian heritage and father indicating possible membership in an Indian tribe.

2

On March 2, 2022, the court found father to be the biological father of the minor.

The May 2022 jurisdiction report concluded there was no reason to believe the minor was an Indian child based on mother's statement denying Indian heritage. The report noted that father would be provided an ICWA-020 form, and that the form would be filed with the court as soon as possible. Included in the report was information regarding one of mother's prior (2018) dependency cases involving the minor's sibling and half sibling in which the juvenile court found the ICWA was not applicable and terminated parental rights. Attached to the jurisdiction report was the disposition report in the prior case stating there was no reason to believe the minor's sibling was an Indian child within the meaning of the ICWA. That determination was reportedly made after both parents stated they had no known Indian heritage. Also attached was the section 366.26 report in the prior case which reiterated that there was no reason to believe the minor's sibling was an Indian child based on statements by mother, father, and the maternal grandfather that there was no Indian ancestry in the family.

Both parents testified at the contested jurisdiction hearing on June 13, 2022. The court exercised dependency jurisdiction over the minor, bypassed the parents' reunification services, and adopted the Agency's recommended findings and orders, including a finding that the minor "is or may be an Indian child" within the meaning of the ICWA.

The Agency's October 2022 and November 2022 reports reiterated mother's denial of Indian heritage and father's claim of possible Indian heritage, but provided no new information regarding the Agency's ICWA investigation or inquiry.

Neither parent was present at the contested section 366.26 hearing on November 9, 2022. Finding proper notice was given, the court proceeded with the hearing in their absence, terminating parental rights and freeing the minor for adoption. No express or implied ICWA finding was made.

## DISCUSSION

The parents contend the Agency failed to make sufficient ICWA inquiry. In particular, they claim that, while several paternal and maternal relatives were known to the Agency and mentioned in its reports, there was no ICWA inquiry of those relatives. They further claim the Agency failed to further investigate when father indicated he might have Blackfoot, Cherokee, and Apache ancestry and that he might be a member of a federally recognized tribe. Finally, the parents contend the juvenile court failed its obligation to determine if the Agency met the inquiry and notice requirements of the ICWA and failed to make an ICWA finding. The parents' claims have merit.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a

reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Here, both parents initially declined to provide any information about possible Indian heritage. Thereafter, mother informed the court she had no Indian heritage and completed and signed an ICWA-020 form indicating the same. Father eventually indicated he had possible affiliation with the Cherokee, Blackfoot, and Apache tribes.

The Agency was made aware of and/or had contact with numerous of the minor's extended family members when those relatives were identified by the parents, appeared in court, requested visitation, or requested placement of the minor. Yet, the record is devoid of any evidence that the Agency made attempts to contact those relatives for purposes of conducting ICWA inquiry. The Agency "has a duty 'to document it[s inquiry] and to provide clear information to the court.' " (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 406.) Indeed, the Agency does not dispute it had contact with the maternal grandparents, the maternal great-grandmother, and maternal aunts and uncles but did not inquire about possible Indian heritage. The Agency concedes it did not take the appropriate steps after father indicated possible Indian heritage with the Cherokee, Blackfoot, and Apache tribes and that remand is required.

"[A]n agency's failure to conduct a proper initial inquiry into a dependent child's American Indian heritage is harmless unless the record contains information suggesting a reason to believe that the child may be an 'Indian child' within the meaning of ICWA,

5

such that the absence of further inquiry was prejudicial to the juvenile court's ICWA finding. For this purpose, the 'record' includes both the record of proceedings in the juvenile court and any proffer the appealing parent makes on appeal." (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 779, review granted Sept. 21, 2022, S275578.)

We accept the Agency's concessions. Here, there was a reason to believe the minor was an Indian child. Although mother denied Indian ancestry and did not waiver from that position, father informed the Agency he might be affiliated with the Cherokee, Blackfoot, and Apache tribes. Other than that declaration by father, the only information included in the Agency's reports was information gleaned from mother's prior dependency case involving the minor's sibling, to wit, that the sibling was not an Indian child for purposes of the ICWA. We note that the ICWA determination in the prior case is not dispositive here because there is no indication in this record that father claimed possible Indian ancestry with any tribe in the prior case, let alone the three tribes claimed here. The Agency concededly failed its duty to inquire of the known maternal or paternal relatives to whom it had access, relatives who potentially had information that could have been beneficial to the ICWA inquiry. (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.) While the Agency "is not required to 'cast about' for information or pursue unproductive investigative leads" (*In re D.S., supra*, 46 Cal.App.5th at p. 1053), it is required to "make further inquiry" when there is a "reason to believe" the child is an Indian child, as there was here. (§ 224.2, subds. (a), (b), (e).) Where the agency fails its duty of initial inquiry and there is readily obtainable information that is likely to bear meaningfully on the ICWA investigation, the appellate court must reverse. (*In re Benjamin M., supra*, 70 Cal.App.5th at p. 744.) We will remand here without the need to determine whether or not the Agency's errors were harmless, as the Agency concedes the matter must be remanded for further ICWA proceedings.

In addition, we note that the juvenile court only made one ICWA finding -- that the minor "is or may be an Indian child" within the meaning of the ICWA. Our review of

the record reveals that the court never made a finding thereafter that the ICWA did not apply. Given that fact, the juvenile court failed its continuing duty as well. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).) We will conditionally affirm and remand the matter for further ICWA proceedings.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed for both parents subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).)

/s/
HORST, J.*

We concur:

/s/
HULL, Acting P. J.

/s/
MAURO, J.

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.